**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARON D. CASTLIN,

        Plaintiff,

    v.

M. CATE, Director of California Department
of Corrections and Rehabilitation; *et al.*,

        Defendants.

_____/

No. C-12-2084 EMC (pr)

**ORDER OF DISMISSAL WITH LEAVE
TO AMEND**

## I.   INTRODUCTION

    Aron D. Castlin, an inmate at Pelican Bay State Prison, commenced this action by filing a complaint in Del Norte County Superior Court. Defendants then removed the action to federal court because claims alleged in the complaint for violations of Castlin's rights under the U.S. Constitution presented a federal question. The complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II.   BACKGROUND

    Castlin alleges the following in his complaint:

    In December 2008, Castlin filed a habeas petition in the California Court of Appeal with regard to his conviction. In September 2009, his habeas petition was denied by the California Court of Appeal. Also in about September 2009, attorney Yavar Hameed of Ontario, Canada, "agreed to represent [Castlin's] interest via investigations and research on his pending habeas corpus, as well as to/in drafting a class action petition to the United Nations detailing and seeking redress of the inhumane and unconstitutional conditions of plaintiff's confinement." Complaint, ¶ 24.

**United States District Court**
For the Northern District of California

1    In November 2009, Castlin's book was released.  Thereafter, correctional officer Silviera

2    denied Castlin confidential correspondence with Hameed.  Castlin filed an inmate appeal about the

3    matter; his inmate appeal was granted on January 8, 2010, although Silveria again refused to let

4    Castlin confidentially correspond with attorney Hameed on February 5, 2010.  "Therefore, plaintiff

5    filed a writ of habeas corpus in [Del Norte County Superior Court] which is now pending

6    evidentiary hearing in December 2011."  *Id.* at ¶ 28.

7    On January 15, 2010, Castlin's cell was searched by correctional officers Silviera, Milligan,

8    Pimente and Rosenberg.  The correctional officers told Castlin that the search was in connection

9    with an investigation into gang activity, refused to allow him to observe the cell search, and refused

10   to let him take legal paperwork from the cell before it was searched.  The searching officers took

11   almost all of his property and left a vague receipt that said his paperwork was removed for review.

12   On January 20, 2010, Castlin was informed that his property had been returned to the unit by the

13   I.G.I.  The correctional staff left his property unattended in the trash/storage room in large garbage

14   bags for about five hours before it was returned to Castlin.  The correctional staff did not itemize the

15   property which had been confiscated or returned, and did not give Castlin any form for the

16   disposition of legal property that was missing from the property returned to him.  Castlin

17   complained to the floor officer that there was no receipt and his legal property regarding his pending

18   case was missing; the floor officer told him to deal with correctional officer Silviera.

19   Castlin filed an inmate appeal on January 30, 2010.  On February 3, 2010, Vanderhoofven's

20   response to the inmate appeal stated that all of the property had been searched and all of it was

21   returned.  In response to the inmate appeal at the next level, lieutenant Anthony interviewed Castlin

22   on March 16, 2010.  Lieutenant Anthony said that he remembered seeing Castlin's legal property

23   during the search he conducted with Vanderhoofven, and said that he (Anthony) would look for the

24   property and return it.  The legal material was never returned to Castlin.  The April 2, 2010 written

25   response to Castlin's appeal was unsatisfactory.  Castlin appealed to the director's level and received

26   another unsatisfactory response.

27   A separate habeas petition filed in this Court by Castlin provides the following information:

28   Castlin was convicted upon a guilty plea in 2007 in Del Norte County Superior Court of possession

2

**United States District Court**
For the Northern District of California

of a weapon in a prison, *see* Cal. Penal Code § 4502(a). *See Castlin v. Lewis*, Case No. C 11-6694 PJH, Docket # 1, p. 19. He apparently committed that crime while in prison for his 1995 conviction in Los Angeles County Superior Court of second degree robbery or his 2000 conviction in San Luis Obispo County Superior Court of attempted murder for the benefit of a street gang causing great bodily injury with personal use of a deadly weapon. *See Castlin v. Lewis*, No. 11-6694 PJH, Docket # 1, p. 19. In his federal habeas petition in Case No. C 11-6694 PJH, Castlin alleged constitutional claims about the application of the amended version of California Penal Code § 2933.6, which reduced the time credits he would receive in prison on his 2007 conviction. In his federal petition, he stated that he was first notified of the time credit change on April 6, 2010. *See id.* at 11.

## III. DISCUSSION

### A. Review of Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Castlin alleges that Defendants' actions violated several of his federal constitutional rights, as well as his state law rights. In light of the problems with several of the federal claims that are necessary to give this Court jurisdiction, this order of dismissal with leave to amend focuses on the federal claims. Castlin contends that the seizure and confiscation of his property violated his rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution "to be free of unreasonable seizures, free from being deprived of property without due process of law and

freedom from cruel and unusual punishments." Complaint, ¶ 53. He further alleges that Defendants' confiscation of his property denied him his constitutional right of access to the courts. Complaint, ¶¶ 68-71. He alleges that as a result of Defendants' actions and/or inactions, he "suffered the dismissal of his writ in the California Supreme Court." *Id.* at ¶ 71; *see also id.* at ¶ 75(c) ("caused plaintiff to suffer dismissal of his Habeas Corpus in the California Supreme Court, under the AEDPA").

First, the claim for a denial of Castlin's federal constitutional right of access to the courts is deficient and must be amended.[1] The Ninth Circuit has "traditionally differentiated between two types of access to court claims: those involving prisoners' right[s] to affirmative *assistance* and those involving prisoners' rights to litigate without active *interference*." *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011) (emphasis in original). Castlin's allegations suggest that his claim is one for active interference with his right to litigate.[2] The constitutional right to litigate without interference encompasses the First Amendment right to petition the government and Fourteenth Amendment due process right to pursue legal redress by filing civil actions that have a reasonable basis in law or fact. *See Silva*, 658 F.3d at 1102. To state a claim for a violation of the right to litigate without active interference, the plaintiff must allege that he has suffered an actual injury, such as the dismissal of his pending action. *See id.* at 1103-04. Additionally, the "underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). The plaintiff also must "identify a remedy that may be awarded

---

[1] The particular textual basis of the federal constitutional right of access to the courts is "unsettled." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *see id* at 415 n.12 (noting that earlier decisions had grounded the right in the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection and Due Process Clauses). Whatever its constitutional basis, it is not in doubt that a properly pled claim for denial of the right of access to the court may state a claim for relief under 42 U.S.C. § 1983.

[2] Castlin does not attempt to allege the other kind of access to the courts claim, i.e., a failure to provide litigation assistance. A prisoner's constitutional right to litigation assistance is limited to the tools prisoners need in order to attack their sentences, either directly or collaterally, and in order to challenge the conditions of their confinement. *See Silva*, 658 F.3d at 1102 (citing *Lewis v. Casey*, 518 U.S. 343, 355 (1996)). The right to such assistance is limited to the pleading stage. *Id.*; *see Lewis*, 518 U.S. at 354.

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

as recompense but not otherwise available in some suit that may yet be brought." *Id.*  The underlying cause of action and its lost remedy must be described by allegations in the complaint sufficient to give fair notice to a defendant, *id.* at 416, and to the court in a prisoner action that must be screened under 28 U.S.C. § 1915A.  Here, Castlin alleges that a habeas petition was dismissed by the California Supreme Court as a result of Defendants' confiscation of his legal work.  He needs to provide much more information in his amended complaint.  Castlin must describe the claim(s) he presented in the habeas petition that allegedly was dismissed as a result of the confiscation of his legal materials so that it can be determined whether the allegedly dismissed habeas action had an arguable basis in law and fact.  (Also, in light of the fact that Castlin filed several state habeas petitions, he should identify the dismissed state habeas petition by case number, filing date, and dismissal date so as to give Defendants and the Court fair notice of the particular alleged injury.)  Castlin also must elaborate upon his allegation that the Defendants' actions caused his habeas petition to be dismissed.  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted).  Castlin has not alleged any plausible basis for his belief that it was Defendants' confiscation of his paperwork (rather than the merits or untimeliness or any other reason) that caused his state habeas petition to be dismissed by the California Supreme Court.

Second, if the lost or destroyed paperwork was not legal paperwork, the claim that prison officials wrongly lost or destroyed it would not be actionable under § 1983.  Allegations that a plaintiff has been deprived of his property negligently or intentionally without a pre-deprivation hearing do not state a due process claim under § 1983 if the deprivation was random and unauthorized, *see Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property), because California provides an adequate state post-deprivation remedy, *see Zinermon v. Burch*, 494 U.S. 113, 128-29 (1990) (where state cannot foresee and therefore provide meaningful hearing prior

5

United States District Court

For the Northern District of California

1   to deprivation, statutory provision for post-deprivation hearing or common law tort remedy for

2   erroneous deprivation satisfies due process).  The complaint's allegations that correctional officers

3   improperly destroyed or lost some of Castlin's paperwork after it was searched in connection with an

4   investigation into gang activity portray a random and unauthorized property deprivation that is not

5   actionable under § 1983 (except to the extent discussed in the preceding paragraph about an access

6   to the courts claim).  Castlin does not allege the contrary.  If the federal court otherwise has no

7   jurisdiction over the case, the claims for random and unauthorized deprivations of property must be

8   pursued in state court.

9       Third, Castlin's claim that Defendants' search of his cell and his property violated his Fourth

10  Amendment rights must be dismissed.  There is no legitimate subjective expectation of privacy that

11  a prisoner might have in his prison cell and, accordingly, the Fourth Amendment proscription

12  against unreasonable searches does not apply within the confines of the prison cell.  *See Hudson*,

13  468 U.S. at 525-26.  The recognition of privacy rights for prisoners in their individual cells simply

14  cannot be reconciled with the concept of incarceration and the needs and objectives of penal

15  institutions.  *See id.* at 526.

16      Fourth, Castlin's claim that Defendants violated his Eighth Amendment rights must be

17  dismissed.  The Eighth Amendment to the U.S. Constitution does prohibit the infliction of cruel and

18  unusual punishment, but there are no facts alleged in the complaint that even remotely resemble the

19  infliction of cruel and unusual punishment.

20      Fifth, the complaint does not state a § 1983 claim upon which relief may be granted against

21  those Defendants who allegedly improperly denied or improperly processed Castlin's inmate

22  appeals.  The failure to grant an inmate's appeal in the prison administrative appeal system does not

23  amount to a due process violation.  There is no federal constitutional right to a prison administrative

24  appeal or grievance system for California inmates.  *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.

25  1988); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  The denial of an inmate appeal is

26  not so severe a change in condition as to implicate the Due Process Clause itself and the State of

27  California has not created a protected interest in an administrative appeal system in its prison.

28  California Code of Regulations, title 15 sections 1073 and 3084 grant prisoners a purely procedural

**United States District Court**
For the Northern District of California

1  right: the right to have a prison appeal. The regulations simply require the establishment of a

2  procedural structure for reviewing prisoner complaints and set forth no substantive standards;

3  instead, they provide for flexible appeal time limits, *see* Cal. Code Regs. tit. 15, § 3084.8, and, at

4  most, that "[n]o reprisal shall be taken against an inmate or parolee for filing an appeal," *id.* at §

5  3084.1(d). A provision that merely provides procedural requirements, even if mandatory, cannot

6  form the basis of a constitutionally cognizable liberty interest. *See Smith v. Noonan*, 992 F.2d 987,

7  989 (9th Cir. 1993); *see also Antonelli*, 81 F.3d at 1430 (prison grievance procedure is procedural

8  right that does not give rise to protected liberty interest requiring procedural protections of Due

9  Process Clause). Castlin had no federal constitutional right to a properly functioning appeal system.

10  Therefore, an incorrect decision on an administrative appeal or failure to process the appeal in a

11  particular way did not amount to a violation of his right to due process.

12      Sixth, in his amended complaint, Castlin must be careful to allege facts showing the basis for

13  liability for each defendant. He should not refer to them as a group (e.g., "the defendants"); rather,

14  he should identify each involved Defendant by name and link each of them to his claim by

15  explaining what each involved Defendant did or failed to do that caused a violation of his rights.

16  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Typically, a § 1983 plaintiff names as

17  defendants the individual person(s) who committed the alleged constitutional violation, and Castlin

18  should consider doing so in his amended complaint. A supervisor may be liable under § 1983 upon

19  a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal

20  connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v.*

21  *Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011).

22  B.    Miscellaneous Matters

23      Defendants' motion for the Court to screen the complaint is **GRANTED**. (Docket # 7.) This

24  order does the screening contemplated by 28 U.S.C. § 1915A.

25      Plaintiff filed an "ex parte motion for administrative relief compelling discovery of job

26  assignment, location and addresses of defendants in order to facilitate service of summons and

27  complaint." (Docket # 11.) He asks that the Court order the Pelican Bay litigation coordinator or

28  the California Department of Corrections and Rehabilitation – neither of which is a defendant – to

**United States District Court**
For the Northern District of California

1  provide information for him to use to serve process on four unserved defendants.  The motion is

2  **DENIED**.  First, the discovery motion may now be unnecessary, as defense counsel provided in his

3  opposition brief (Docket # 18) the address information for service of process on three of the four

4  Defendants and stated that defense counsel was informed and believed that the fourth unserved

5  Defendant (*i.e.*, M. Brown) had not worked at Pelican Bay.

6        Second, the discovery motion reflects Plaintiff's misunderstanding of the discovery process,

7  as a party may not obtain discovery by simply telling the Court what he wants to learn and asking

8  the Court to force someone else to provide the information.  The litigant must personally submit the

9  requests to defense counsel or third parties in compliance with Federal Rule of Civil Procedure 26 -

10  36, and deal directly with defense counsel or the third parties.  The Court generally is not involved

11  in the discovery process and only becomes involved when there is a dispute between the parties

12  about discovery responses.  Discovery requests and responses normally are exchanged between the

13  parties without any copy sent to the Court.  *See* Fed. R. Civ. P. 5(d)(1) (listing discovery requests

14  and responses that "must not" be filed with the court until they are used in the proceeding or the

15  court orders otherwise).  Only when the parties have a discovery dispute that they cannot resolve

16  among themselves should the parties even consider asking the Court to intervene in the discovery

17  process.  The Court does not have enough time or resources to oversee all discovery, and therefore

18  requires that the parties present to it only their very specific disagreements.  And to promote the goal

19  of addressing only very specific disagreements (rather than becoming an overseer of all discovery),

20  the Court requires that the parties meet and confer to try to resolve their disagreements before

21  seeking court intervention.  *See* Fed. R. Civ. P. 37(a)(1); N. D. Cal. Local Rule 37.  A plaintiff must

22  engage in good faith efforts to meet-and-confer to try to resolve his discovery disputes before

23  seeking an order compelling discovery.  The problem with Plaintiff's discovery motion is that he has

24  not made discovery requests on his opponent or a third party, let alone taken steps to attempt to

25  resolve any disputes before seeking assistance from the court.  The denial of Plaintiff's motion is

26  without prejudice to Plaintiff filing a motion to compel at some later date, but only after he has made

27  discovery requests and has attempted to resolve any disagreements with opposing counsel before

28  filing such a motion.

**IV.   CONCLUSION**

The complaint fails to state a claim upon which relief may be granted.  Leave to amend will be granted so that Plaintiff may attempt to state a claim.  The amended complaint must be filed no later than **August 3, 2012**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings.  *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Therefore, he must repeat his state law claims as well as his federal law claims in his amended complaint.  Failure to file the amended complaint by the deadline will result in the dismissal of the federal claims and the remand of this action back to state court for consideration of the state law claims.

IT IS SO ORDERED.

Dated:  July 10, 2012

_____
EDWARD M. CHEN
United States District Judge

United States District Court
For the Northern District of California

9